IN
THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                             NO.
WR-56,822-01



 

 

                                             EX
PARTE TONY TYRONE DIXON

 

                                                                              



                  ON APPLICATION
FOR WRIT OF HABEAS CORPUS IN CAUSE

                      NO.
9427863-B IN THE 179TH JUDICIAL DISTRICT COURT

                                                             HARRIS
COUNTY



 

 

Per
Curiam.  

 

 

                                                                     O
R D E R

 

This is a subsequent application for
writ of habeas corpus filed pursuant to the provisions of Texas Code of
Criminal Procedure article 11.071, ' 5.








In February 1995, a jury convicted
applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of
Criminal Procedure article 37.071, and the trial court, accordingly, set
punishment at death.  This Court affirmed
applicant=s conviction and sentence on direct
appeal.  Dixon v. State, No.
72,100 (Tex. Crim. App. delivered Nov. 5, 1997), cert. denied, June 26,
1998.  On August 10, 1998, applicant
filed his initial application for writ of habeas corpus in the convicting
court.  This application is still pending
in that court.  Applicant=s subsequent writ was received in
this Court on August 1, 2003. 

Applicant presented one allegation in
his application in which he alleged that he could not be executed because he is
mentally retarded.  By written order
dated September 10, 2003, this cause was remanded to the trial court to
consider applicant=s allegation.

While this case was on remand,
Governor Rick Perry commuted applicant=s sentence because he was seventeen
at the time he committed the instant offense. 
See Roper v. Simmons, 125 S.Ct. 1183 (2005).  Because applicant=s claim of mental retardation affects
only his sentence, the Governor=s commutation of that sentence renders applicant=s claim moot.  Therefore, applicant=s application is dismissed as MOOT.

IT IS SO ORDERED THIS THE 14TH
DAY OF DECEMBER, 2005.

 

Do Not Publish